No. 24-40160

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Idaho; State of Iowa; State of Kansas; Commonwealth of Kentucky; State of Louisiana; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of Ohio; State of South Carolina; State of Tennessee; State of Utah; State of West Virginia; State of Wyoming; State of Oklahoma,

*Plaintiffs-Appellants*,

*v.*

United States Department of Homeland Security; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; U.S. Citizenship and Immigration Services; Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services; U.S. Customs & Border Protection; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; United States Immigration and Customs Enforcement; Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement,

*Defendants-Appellees*,

Valerie Laveus; Francis Arauz; Paul Zito; Eric Sype; Kate Sugarman; Nan Langowitz; German Cadenas,

*Appellees.*

On Appeal from the United States District Court
for the Southern District of Texas, Victoria Division

**APPELLANTS' OPPOSED MOTION TO EXPEDITE APPEAL**

*(Counsel Listed on Inside Cover)*

| | |
|---|---|
| KEN PAXTON<br>Attorney General of Texas | AARON L. NIELSON<br>Solicitor General<br>Aaron.Nielson@oag.texas.gov |
| BRENT WEBSTER<br>First Assistant Attorney General | CORY A. SCANLON<br>Assistant Solicitor General<br>Cory.scanlon@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | |
| | Counsel for Plaintiffs-Appellants |

[Additional counsel listed in signature block]

# Certificate of Interested Persons

No. 24-40160

State of Texas; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Idaho; State of Iowa; State of Kansas; Commonwealth of Kentucky; State of Louisiana; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of Ohio; State of South Carolina; State of Tennessee; State of Utah; State of West Virginia; State of Wyoming; State of Oklahoma,

*Plaintiffs-Appellants*

*v.*

United States Department of Homeland Security; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; U.S. Citizenship and Immigration Services; Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services; U.S. Customs & Border Protection; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; United States Immigration and Customs Enforcement; Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement,

*Defendants-Appellees,*

Valerie Laveus; Francis Arauz; Paul Zito; Eric Sype; Kate Sugarman; Nan Langowitz; German Cadenas,

*Appellees.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants, as a governmental parties, need not furnish a certificate of interested persons.

/s/ Aaron L. Nielson
Aaron L. Nielson
*Counsel of Record for*
*Plaintiff-Appellant The State of Texas*

Appellants respectfully request that the Court enter an expedited briefing and oral argument schedule in this case. Counsel for appellants have indicated that they oppose expedited briefing and argument.

## Background

In recent times, increases in immigration from the southern border have strained the Department of Homeland Security's operational capacity. Ex. 1, Memorandum Opinion and Order, ECF 305 at 12. These surges in immigration have been driven in large part by migration from Cuba, Haiti, Nicaragua, and Venezuela, or CHNV. *Id.* at 8-9. At the end of 2022, the Department of Homeland Security created a new parole program for CHNV nationals. *Id.* at 9. Under this program, DHS has paroled thousands of CHNV nationals into the United States. *Id.* at 13.

Twenty-one States, led by Texas, sued the federal defendants under the Administrative Procedure Act, 5 U.S.C. § 706, in January of 2023. Ex. 2, Complaint, ECF 1. They argued that the program exceeds the federal defendants' authority under the statute used to create the program, that the defendants failed to engage in notice-and-comment rulemaking, and that the program is arbitrary and capricious. Ex. 3, Amended Complaint, ECF 20 at 30; Memorandum Opinion and Order, ECF 305 at 4-5. The case was tried to the district court in August 2023. Memorandum Opinion and Order, ECF 305 at 5. On March 8, 2024, the district court issued findings of fact and conclusions of law and held only that Texas lacked standing and dismissed the

case.[1] *Id.* at 31. The States then appealed. Simultaneously, the States filed a motion under Rule 59(e) seeking reconsideration of the district court's holding regarding standing. The district court denied that motion on May 29, 2024. Ex. 4, Memorandum Opinion and Order, ECF 315 at 8. The States now seek to expedite this appeal.

## ARGUMENT

"Good cause" exists to expedite this appeal for three primary reasons. Fifth Cir. R. 27.5, 34.5.

*First*, this case has major implications for federal immigration policy. Twenty-one States have sued the federal defendants because of the large scale and implications of the program. As the district court found, from October 2022 to June 2023, the program received approximately 235,000 applicants. Ex. 1, Memorandum Opinion and Order, ECF 305 at 13. Of those, DHS adjudicated approximately 195,000, and approved approximately 190,000. *Id*. The approval rate was 97.6%. *Id*. During that same period, approximately 14,000 CHNV parolees listed Texas as their intended destination. *Id*. Thousands more individuals are likely to be paroled if this appeal is adjudicated in the regular course, which may take over a year.

*Second*, reliance interests favor expediting this appeal. The intervenor-defendants, a group of individuals who seek to benefit from the program, have asserted that they would suffer hardship if the program were eliminated. They have argued that the program allows them "alongside individuals across the United States" to

---

[1] The parties agreed that the district court should focus its standing analysis on only Texas. Memorandum Opinion and Order, ECF 305 at 20.

2

"reunify with families, protect the lives of family members and loved ones, and create economic opportunities for individuals and communities in need." Ex. 5, Intervenor Defendants' Post-Trial Memorandum of Law, ECF 282 at 46. If true, then thousands of additional individuals may continue to take advantage of the program and develop reliance interests as this appeal progresses. Accordingly, an expedited appeal would prevent additional individuals from relying on the program and subsequently suffering hardship if the program is ultimately held illegal. In this way, an expedited appeal benefits both sides and will bring this Court and the district court closer to ultimately resolving this case.

*Third*, this case was pending in the district court for over a year. Appellants filed their initial complaint in January 2023 and moved for a preliminary injunction in February 2023, but the district court requested that the motion be consolidated with a bench trial on the merits. *See* Ex. 6, Order, ECF 161 at 2. Appellants agreed to the district court's request, but at that time, did not anticipate that the case would not resolve until March of 2024. If this appeal proceeds in the normal course, then it may take over a year before a decision is reached. Accordingly, should this Court rule that the district court had jurisdiction, then it may be over a year from now before the case is remanded and the district court addresses the merits of Appellants' claims. During that time, thousands more individuals may be paroled into the United States.

In an attempt to avoid the necessity of an appeal about jurisdiction, the States filed a motion under Fed. R. Civ. P. 59(e) in the district court. Ex. 7, Plaintiff States' Opposed Rule 59(e) Motion to Reconsider Judgment, ECF 310. By doing so, the States hoped that the district court would correct its error more quickly than the full

3

appellate process might take. But the district court denied the motion on May 29, necessitating this appeal. Ex. 4, Memorandum Opinion and Order, ECF 315 at 8.

For these reasons, Appellants seek the following briefing and oral argument schedule, such that the parties will not seek extensions of time to file their briefs:

- Appellants' Opening Brief: June 26
- Appellees' Briefs: July 17
- Appellants' Reply Brief: July 31
- Oral Argument: September 2024

## Conclusion

The Court should expedite briefing and oral argument in this appeal.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ Aaron L. Nielson
Aaron L. Nielson
Solicitor General
Aaron.Nielson@oag.texas.gov

Cory A. Scanlon
Assistant Solicitor General
Cory.scanlon@oag.texas.gov

Gene P. Hamilton
America First Legal Foundation
Virginia Bar No. 80434
611 Pennsylvania Avenue SE, #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

Steve Marshall
Alabama Attorney General
Edmund G. LaCour Jr.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

Tim Griffin
Arkansas Attorney General
Nicholas J. Bronni
Arkansas Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Nicholas.Bronni@arkansasag.gov

*Counsel for the State of Arkansas*

Treg Taylor
Attorney General of Alaska
Cori M. Mills
Deputy Attorney General
Christopher A. Robison
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Counsel for the State of Alaska*

Ashley Moody
Attorney General of Florida
James H. Percival (FBN 1016188)
Chief of Staff
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

Raúl R. Labrador
Attorney General of Idaho
Joshua N. Turner, ISB No. 12193
Alan M. Hurst, ISB No. 12425
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
josh.turner@ag.idaho.gov
alan.hurst@ag.idaho.gov

*Counsel for the State of Idaho*

Kris Kobach
Attorney General of Kansas
Jesse A. Burris, Kan. Sup. Ct. #26856
Assistant Attorney General
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for the State of Kansas*

Brenna Bird
Attorney General of Iowa
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 823-9117
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

Russell Coleman
Attorney General of Kentucky
Matthew F. Kuhn
Solicitor General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

Elizabeth B. Murrill
Attorney General of Louisiana
Benjamin Aguiñaga
Solicitor General
Kelsey L. Smith
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
aguinagab@ag.louisiana.gov
smithkel@ag.lousiana.gov

*Counsel for the State of Louisiana*

Andrew Bailey
Attorney General of Missouri
Joshua M. Divine, Mo. Bar #69875
Solicitor General
Maria Lanahan, Mo. Bar #65956
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

Lynn Fitch
Attorney General of Mississippi
Justin L. Matheny
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*

Austin Knudsen
Attorney General of Montana
Christian B. Corrigan
Solicitor General
Peter M. Torstensen, Jr.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

Michael T. Hilgers
Attorney General of Nebraska
Eric J. Hamilton
Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for the State of Nebraska*

Gentner F. Drummond
Attorney General of Oklahoma
Garry M. Gaskins, II
Solicitor General
Zach West
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

Dave Yost
Ohio Attorney General
Mathura Jaya Sridharan
Ohio Deputy Solicitor General
Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel: (614) 466-8980
mathura.sridharan@OhioAGO.gov

*Counsel for the State of Ohio*

Alan Wilson
Attorney General of South Carolina
Thomas T. Hydrick
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

Jonathan Skrmetti  
Tennessee Attorney General  
and Reporter  
Whitney Hermandorfer  
Director of Strategic Litigation  
P.O. Box 20207  
Nashville, TN 37202  
Tel: (615) 741-7403  
Whitney.Hermandorfer@ag.tn.gov  

*Counsel for the State of Tennessee*

Patrick Morrisey  
Attorney General of West Virginia  
Lindsay See  
Solicitor General  
Michael R. Williams  
Senior Deputy Solicitor General  
Office of the West Virginia  
Attorney General  
State Capitol, Bldg 1, Room E-26  
Charleston, WV 25305  
Tel: (681) 313-4550  
Lindsay.S.See@wvago.gov  
Michael.R.Williams@wvago.gov  

*Counsel for the State of West Virginia*

Sean D. Reyes  
Utah Attorney General  
Stanford E. Purser  
Utah Solicitor General  
350 N. State Street, Suite 230  
P.O. Box 142320  
Salt Lake City, UT 84114-2320  
Tel: (801) 538-9600  
spurser@agutah.gov  

*Counsel for the State of Utah*

Bridget Hill  
Wyoming Attorney General  
Ryan Schelhaas  
Chief Deputy Attorney General  
Wyoming Attorney General's Office  
109 State Capitol  
Cheyenne, WY 82002  
Tel: (307) 777-5786  
ryan.schelhaas@wyo.gov  

*Counsel for the State of Wyoming*

## Certificate of Conference

On June 7, 2024, counsel for Appellants conferred with counsel for Appellees, who stated that they oppose the relief requested in this motion and will file a response in opposition to the motion.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Service

On June 7, 2024, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 909 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Aaron L. Nielson
Aaron L. Nielson