IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants-Appellees,<br><br>v.<br><br>VALERIE LAVEUS, *et al.*,<br><br>Intervenor-Appellees. | No. 24-40160 |

**INTERVENOR DEFENDANT APPELLEES' OPPOSITION TO APPELLANTS' MOTION TO EXPEDITE APPEAL**

Intervenor Defendant Appellees oppose Appellants' Motion to Expedite Appeal, Doc. 91, filed nearly three months after Appellants' initial Notice of Appeal, because no good cause exists for this Motion. *See* 5th Cir. R. 27.5, 34.5, 47.7.

## I. Relevant Procedural History

The district court rendered its final judgment in the case below on March 8, 2024, and Appellants filed their Notice of Appeal of that final judgment on March 11. *See* Doc. 1. Twenty-four days later, on April 4, Appellants filed a Motion for Reconsideration with the district court pursuant to Federal Rule of Civil Procedure

("FRCP") 59(e). *See* FRCP 59(e) Motion, Doc. 91, Ex. 7. The filing of the FRCP 59(e) Motion held in abeyance the Notice of Appeal before this Court, *see* Fed. R. App. P. 4(a)(4), and Texas did not seek to have that motion heard on an expedited basis, *see* FRCP 59(e) Motion, Doc 91, Ex. 7. The district court denied the FRCP 59(e) Motion on May 28, finding that Appellants "s[ought] to do precisely what Rule 59(e) forbids: re-litigate the same legal theories and present the same arguments" that the district court previously rejected. Memorandum Opinion and Order Denying FRCP 59(e) Motion, Doc. 91, Ex. 4 at 4. Appellants then filed an amended Notice of Appeal to add the denial of the FRCP 59(e) Motion to their appeal of the final judgment in the case on May 31. *See* Doc. 81. Seven days later, Appellants filed their Motion to Expedite Appeal. At no point since Appellants filed their initial Notice of Appeal on March 11—nearly three months ago—have they sought emergency injunctive relief from this Court or from the district court.

**II.     Argument**

Appellants ask this Court to expedite their appeal after taking no actions to suggest urgency in the three months since the filing of their initial Notice of Appeal. In particular, Appellants waited twenty-seven days to even *file* their FRCP 59(e) Motion, which they knew would delay this appeal even before the district court found it meritless. Because Appellants' own actions have delayed this appeal for months; their purported claims of harm have already been rejected by the district court and repeatedly disprove throughout this case; and the extremely condensed schedule they propose

2

would cause undue prejudice to Intervenor Defendant Appellees, this Court should deny Appellants' Motion to Expedite Appeal for failure to establish good cause, and otherwise decline to advance or prioritize this case for calendaring. 5th Cir. R. 27.5, 34.5, 47.7.

First, Appellants have failed to act with urgency since the district court issued its final judgment *over three months ago*, on March 8, 2024. "When time is of the essence, a party must act like it." *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 373 (5th Cir. 2020). Yet Appellants' own actions have led to extensive delays in this case. After the district court entered its decision and final judgment, Appellants neither proceeded with urgency on a FRCP 59(e) Motion before the district court nor sought an expedited appeal with this Court. Indeed, all sixteen of Appellants' initial Forms of Appearance of Counsel indicated that their appeal of the final judgment *did not* "qualify for calendaring priority under 5th Cir. R. 47.7." *See* Docs. 4, 10, 13, 14, 15, 16, 17, 24, 25, 28, 29, 38, 39, 41, 57, 68. Instead, Appellants waited twenty-seven days after the district court's final judgment, and twenty-four days after filing their Notice of Appeal to this Court, to file their FRCP 59(e) Motion before the district court on April 4.[1] Appellants did not seek to have their FRCP 59(e) Motion heard on an expedited basis even though it effectively held this appeal in abeyance. *See* Fed. R. App. P. 4(a)(4).

---

[1] Appellants' contention that they "[s]imultaneously" appealed the final judgment to this Court and moved for reconsideration before the district court, Motion to Expedite Appeal, Doc. 91 at 5, misrepresents the twenty-four days that elapsed between the two filings.

3

Thus, Appellants' own actions refute the notion that "time is of the essence." *Empower Texans, Inc.*, 977 F.3d at 373. That alone warrants denial of this Motion for failure to establish good cause.

Second, Appellants' recycled arguments concerning the number of people granted parole under this program cannot support an expedited schedule because they have been repeatedly rejected by the district court as divorced from reality. Appellants hinge their arguments on the number of individuals paroled through the program, as though that number exists in a vacuum. *See* Motion to Expedite Appeal, Doc. 91 at 2. But throughout this litigation, the data has repeatedly demonstrated that the challenged program has resulted in a net decrease in migration to Texas by redirecting to the program individuals who would otherwise seek to be processed at the border. *See, e.g.*, Memorandum Opinion and Order, Doc. 91, Ex. 1 at 22 ("Plaintiffs do not dispute either contention: (1) that there are fewer [noncitizens] coming into the country from those four countries, or (2) that as a result, Texas is spending less money."); Memorandum Opinion and Order Denying FRCP 59(e) Motion, Doc. 91, Ex. 4 at 5 ("[A]s Plaintiffs conceded, the evidence presented at trial demonstrated that the numbers actually decreased."). Thus, the district court's detailed review of the factual record disproves Appellants' assertion that the challenged program causes them harm. Appellants cannot now establish good cause to expedite this appeal based on an argument the district court has already rejected after careful fact finding at trial.

Finally, an expedited briefing schedule on the terms Appellants have outlined would prejudice Intervenor Defendant Appellees. This Court recognizes the prejudicial weight of an outcome that "disrupt[s] the [court schedule at issue] and the opponent's preparation." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Here, Appellants propose a timeline that would advance the briefing schedule with only about two weeks' notice, and it would *significantly* reduce the total preparation time available for all parties, including by reducing the time that Intervenor Defendant Appellees would have to file their brief by nearly one third of the time permitted by the applicable rules. *Compare* Motion to Expedite Appeal, Doc. 91 at 7, *with* Fed. R. App. P. 31(a)(1). Appellants' proposal would also eliminate the possibility of the parties seeking extensions, Motion to Expedite Appeal, Doc. 91 at 7, in a period of time during which counsel have pre-scheduled time off with their families over the summer. This undue prejudice to Intervenor Defendant Appellees also warrants denial of the Motion to Expedite Appeal.

Because Appellants have failed to act with urgency and failed to identify any harm from a non-expedited schedule, and because expediting on the terms they have proposed would cause undue prejudice to Intervenor Defendant Appellees, the Court should deny the request. 5th Cir. R. 27.5, 34.5, 47.7.

III. **Conclusion**

For the foregoing reasons, the Court should deny Appellants' Motion to Expedite Appeal.

Dated: June 10, 2024            Respectfully submitted,

*/s/ Monika Y. Langarica*
Monika Y. Langarica
Talia Inlender
Sofía López Franco
UCLA Center for Immigration Law and Policy
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
(310)983-3345

Vanessa Rivas-Bernardy
Esther H. Sung
Karen C. Tumlin
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
(323)316-0944

Brandon Galli-Graves
RAICES
P.O. Box 786100
San Antonio, TX 78278
(210)610-6143

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,141 words, according to the count of Microsoft Word.

*/s/ Monika Y. Langarica*
Monika Y. Langarica

**CERTIFICATE OF SERVICE**

I certify that on June 10, 2024, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also hereby certify that the participants in the case are registered CM/ECF users and will be served via the CM/ECF system.

*/s/ Monika Y. Langarica*
Monika Y. Langarica
