No. 24-40160

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Idaho; State of Iowa; State of Kansas; Commonwealth of Kentucky; State of Louisiana; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of Ohio; State of South Carolina; State of Tennessee; State of Utah; State of West Virginia; State of Wyoming; State of Oklahoma,

*Plaintiffs-Appellants*,

v.

United States Department of Homeland Security; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; U.S. Citizenship and Immigration Services; Ur M. Jaddou, Director of U.S. Citizenship and Immigration Services; U.S. Customs & Border Protection; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; United States Immigration and Customs Enforcement; Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement,

*Defendants-Appellees,*

Valerie Laveus; Francis Arauz; Paul Zito; Eric Sype; Kate Sugarman; Nan Langowitz; German Cadenas,

*Appellees.*

On Appeal from the United States District Court
for the Southern District of Texas, Victoria Division

**APPELLANTS' REPLY IN SUPPORT OF OPPOSED MOTION TO EXPEDITE APPEAL**

*(Counsel Listed on Inside Cover)*

|  |  |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Aaron L. Nielson<br>Solicitor General<br>Aaron.Nielson@oag.texas.gov |
| Brent Webster<br>First Assistant Attorney General | Cory A. Scanlon<br>Assistant Solicitor General |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | |
| | Counsel for Plaintiffs-Appellants |

[Additional counsel listed in signature block]

On January 24, 2023, twenty-one States promptly challenged one of the Biden Administration's most significant immigration rules—the CHNV[1] program—which has already allowed nearly two-hundred thousand individuals to unlawfully enter the United States. *See* Mot., Ex. 1, Mem. Op. & Order, at 13. The district court did not issue a decision until March 8, 2024. That decision, moreover, did not address the merits of the States' rule challenge, but instead dismissed the entire case for lack of standing.

The States promptly noticed an appeal. Following additional consultation, however, the States recognized that an appeal would further delay this important case because the district court—which oversaw a full bench trial and received comprehensive merits briefing—is already uniquely knowledgeable about the merits. Thus, rather than: **(i)** briefing the standing issue in this Court; **(ii)** participating in oral argument; **(iii)** waiting for an opinion; and **(iv)** then returning to the district court to litigate the merits of this significant case—a process that could easily take a year or longer—the States filed a Rule 59(e) motion in the district court on April 4, 2024, because they knew that the time to adjudicate that motion would be much shorter than a full appeal in this Court.[2]

---

[1] The four countries under the CHNV parole program are Cuba, Haiti, Nicaragua, and Venezuela.

[2] The States did not mean to suggest that their notice of appeal and Rule 59(e) motion were filed on the same day. *See* Intervenors' Opp. at 3 n.1. As reflected in the first paragraph of the district court's order denying rehearing that the States attached to their motion, the States filed their Rule 59(e) motion while this appeal was pending. The States respectfully apologize for any confusion.

The district court, however, denied the States' Rule 59(e) motion on May 29 and the States filed an amended notice of appeal on May 31. The States thereafter coordinated with counsel and among themselves and agreed that an expedited appeal regarding justiciability is the best option to resolve this already much delayed case as quickly as possible. Accordingly, the States filed a motion to expedite.

Intervenors—who benefit from delay—urge the Court to deny the motion. They primarily fault (at 2-3) the States for filing a Rule 59(e) motion. Yet Intervenors never dispute the critical point: An appeal will necessarily delay resolution of this important litigation, and the States are only pursuing an appeal now because they have no faster option. Because the case challenging the lawfulness of ongoing behavior by the Federal Defendants had been pending in the district court for *more than a year* before the district court dismissed it for lack of standing, the States reasonably determined that it would be a better use of everyone's time—the judiciary's included—to prepare a substantive rehearing motion in the district court regarding standing. Such motions can be adjudicated much faster than a full appeal in this Court. Further, had the district court granted that rehearing motion, then it also could have promptly issued a merits decision. Unfortunately, now, even with expedited scheduling on appeal, it will be many more months before the district court will be able to address the merits. There is thus "good cause" to expedite this appeal given the important issues at stake raised by nearly half of the States in the nation and the significant and compounding consequences of further delay.

Intervenors also argue (at 4) that the States' concerns about "the number of people granted parole" is "divorced from reality." But this argument simply

rehashes the district court's view that "there are fewer aliens coming into the country from those four [CHNV] countries," and "as a result, Texas is spending less money." Mot., Ex. 1, Mem. Op. & Order, at 22. That is precisely the incorrect standing analysis that the States intend to challenge on appeal. The district court misapplied this Court's rule that standing "is not an accounting exercise" and that "[o]nce injury is shown, no attempt is made to ask whether the injury is outweighed by benefits the plaintiff has enjoyed from the relationship with the defendant." *Texas v. United States (DAPA)*, 809 F.3d 134, 155–56 (5th Cir. 2015), *aff'd by an equally divided court*, 579 U.S. 547 (2016). The States intend to argue, among other things, that the CHNV program injures Texas and that any alleged offsetting benefits or other factors are irrelevant in the standing analysis. Intervenors' reliance on the very analysis that the States challenge illustrates why this appeal should be expedited.

Finally, Intervenors' concerns about prejudice to their ability to prepare ring hollow. The question before the Court is narrow—it only involves justiciability. Because the district court has not yet addressed the merits, the States do not intend to raise any merits issues in this appeal. The Court regularly expedites appeals concerning significant immigration matters that raise both justiciability and merits issues. *See* Order, *United States v. Texas*, No. 24-50149, ECF 43-2 at 2 (5th Cir. March 2, 2024) (appeal addressing merits and standing); Order, *Texas v. DHS*, No. 23-50869, ECF 66-1 (5th Cir. Dec. 28, 2023) (appeal addressing merits and jurisdiction-stripping

provision). It is not credible that Intervenors or the Federal Defendants[3] will be unable to prepare a response brief addressing only justiciability by July 17.

## Conclusion

The Court should expedite briefing and oral argument in this appeal such that oral argument can be held in September 2024.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ Aaron L. Nielson
Aaron L. Nielson
Solicitor General
Aaron.Nielson@oag.texas.gov

Cory A. Scanlon
Assistant Solicitor General

Gene P. Hamilton
America First Legal Foundation
Virginia Bar No. 80434
611 Pennsylvania Avenue SE, #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

---

[3] Federal Defendant-Appellees indicated last week that they would file an opposition to this motion but have not yet done so. Because the Court could rule on the motion at any time, the States file this reply for the Court's consideration.

4

Steve Marshall
Alabama Attorney General
Edmund G. LaCour Jr.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

Tim Griffin
Arkansas Attorney General
Nicholas J. Bronni
Arkansas Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Nicholas.Bronni@arkansasag.gov

*Counsel for the State of Arkansas*

Treg Taylor
Attorney General of Alaska
Cori M. Mills
Deputy Attorney General
Christopher A. Robison
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
chris.robison@alaska.gov

*Counsel for the State of Alaska*

Ashley Moody
Attorney General of Florida
James H. Percival (FBN 1016188)
Chief of Staff
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for the State of Florida*

Raúl R. Labrador
Attorney General of Idaho
Joshua N. Turner, ISB No. 12193
Alan M. Hurst, ISB No. 12425
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
josh.turner@ag.idaho.gov
alan.hurst@ag.idaho.gov

*Counsel for the State of Idaho*

Kris Kobach
Attorney General of Kansas
Jesse A. Burris, Kan. Sup. Ct. #26856
Assistant Attorney General
Office of Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Jesse.Burris@ag.ks.gov

*Counsel for the State of Kansas*

Brenna Bird
Attorney General of Iowa
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 823-9117
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for the State of Iowa*

Russell Coleman
Attorney General of Kentucky
Matthew F. Kuhn
Solicitor General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

Elizabeth B. Murrill
Attorney General of Louisiana
Benjamin Aguiñaga
Solicitor General
Kelsey L. Smith
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
aguinagab@ag.louisiana.gov
smithkel@ag.louisiana.gov

*Counsel for the State of Louisiana*

Andrew Bailey
Attorney General of Missouri
Joshua M. Divine, Mo. Bar #69875
Solicitor General
Maria Lanahan, Mo. Bar #65956
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

Lynn Fitch
Attorney General of Mississippi
Justin L. Matheny
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*

Austin Knudsen
Attorney General of Montana
Christian B. Corrigan
Solicitor General
Peter M. Torstensen, Jr.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

Michael T. Hilgers
Attorney General of Nebraska
Eric J. Hamilton
Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
eric.hamilton@nebraska.gov

*Counsel for the State of Nebraska*

Gentner F. Drummond
Attorney General of Oklahoma
Garry M. Gaskins, II
Solicitor General
Zach West
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

Dave Yost
Ohio Attorney General
Mathura Jaya Sridharan
Ohio Deputy Solicitor General
Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, OH 43215
Tel: (614) 466-8980
mathura.sridharan@OhioAGO.gov

*Counsel for the State of Ohio*

Alan Wilson
Attorney General of South Carolina
Thomas T. Hydrick
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
Tel: (803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

Jonathan Skrmetti  
Tennessee Attorney General  
and Reporter  
Whitney Hermandorfer  
Director of Strategic Litigation  
P.O. Box 20207  
Nashville, TN 37202  
Tel: (615) 741-7403  
Whitney.Hermandorfer@ag.tn.gov  

*Counsel for the State of Tennessee*

Patrick Morrisey  
Attorney General of West Virginia  
Lindsay See  
Solicitor General  
Michael R. Williams  
Senior Deputy Solicitor General  
Office of the West Virginia  
Attorney General  
State Capitol, Bldg 1, Room E-26  
Charleston, WV 25305  
Tel: (681) 313-4550  
Lindsay.S.See@wvago.gov  
Michael.R.Williams@wvago.gov  

*Counsel for the State of West Virginia*

Sean D. Reyes  
Utah Attorney General  
Stanford E. Purser  
Utah Solicitor General  
350 N. State Street, Suite 230  
P.O. Box 142320  
Salt Lake City, UT 84114-2320  
Tel: (801) 538-9600  
spurser@agutah.gov  

*Counsel for the State of Utah*

Bridget Hill  
Wyoming Attorney General  
Ryan Schelhaas  
Chief Deputy Attorney General  
Wyoming Attorney General's Office  
109 State Capitol  
Cheyenne, WY 82002  
Tel: (307) 777-5786  
ryan.schelhaas@wyo.gov  

*Counsel for the State of Wyoming*

## Certificate of Service

On June 11, 2024, this Reply was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Compliance

This Reply complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,063 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Aaron L. Nielson
Aaron L. Nielson