IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS, *et al.*,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants-Appellees,<br><br>v.<br><br>VALERIE LAVEUS, *et al.*,<br><br>Intervenor-Appellees. | No. 24-40160 |

**INTERVENOR DEFENDANT APPELLEES'**
**MOTION FOR EXTENSION OF TIME TO FILE BRIEF**

On June 14, 2024, this Court denied Appellants' Motion to Expedite Briefing, Doc. 91, but nevertheless set the exact expedited briefing schedule requested by Appellants, Doc. 108-2. For good cause, Intervenor Defendant Appellees request a thirty-day extension of time to file their brief pursuant to the schedule the Court set on June 14. *See* Fed. R. App. P. 26(b); 5th Cir. R. 31.4.2. Federal Defendant Appellees consent to this motion and Appellants oppose.

I.  **Relevant Procedural History**

The district court rendered its final judgment in the case below on March 8, 2024, and Appellants filed their Notice of Appeal of that final judgment on March 11. *See* Doc. 1. Twenty-four days later, on April 4, Appellants filed a Motion for Reconsideration with the district court pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). *See* FRCP 59(e) Motion, Doc. 91, Ex. 7. The filing of the FRCP 59(e) Motion held in abeyance the Notice of Appeal before this Court, *see* Fed. R. App. P. 4(a)(4), and Texas did not seek to have that motion heard on an expedited basis, *see* FRCP 59(e) Motion, Doc. 91, Ex. 7. The district court denied the FRCP 59(e) Motion on May 28. Memorandum Opinion and Order Denying FRCP 59(e) Motion, Doc. 91, Ex. 4 at 4. Appellants then filed an amended Notice of Appeal on May 31. *See* Doc. 81. Seven days later, Appellants filed their Motion to Expedite Appeal, which Intervenor Defendant and Federal Defendant Appellees opposed for lack of good cause. *See* Docs. 96, 103.

On June 14, this Court denied Appellants' motion, Doc. 108-2, but adopted without explanation the exact expedited briefing schedule Appellants requested in their motion, *id.*; Doc. 109 ("In light of the court order of June 14, 2024, please adhere to the following expedited briefing schedule."). Pursuant to the newly expedited schedule, Appellants' opening brief is now due on June 26, 2024, Appellees' briefs are due on July 17, and Appellants' reply brief is due on July 31. *Id.*

## II. Argument

The Court may grant a motion for extension of time for good cause. Fed. R. App. P. 26(b). Examples of grounds that warrant extensions include, but are not limited to, situations in which "[t]he matter is so complex that an adequate brief cannot reasonably be prepared" in the prescribed time, and where "[e]xtreme hardship will result unless an extension is granted." 5th Cir. R. 31.4.2. As this Court necessarily recognized in denying Appellants' motion to expedite, there is no good cause to rush briefing in this complex case, and particularly to do so in the midst of the July 4 holiday. Yet the Court's existing schedule does just that, resulting in extreme hardship to Intervenor Defendant Appellees.

Intervenor Defendant Appellees respectfully seek a thirty-day extension of time to file their brief, and a corresponding extension for Appellants' reply brief:

> Appellees' briefs due on August 16, 2024;
> Appellants' reply brief due on September 06, 2024.

The current expedited briefing schedule conflicts with undersigned counsels' numerous pre-scheduled plans to be out of the office, all of which were scheduled before Appellants moved to expedite this appeal and before the Court set the requested schedule. Of the eight counsels of record for Intervenor Defendant Appellees, five, including Lead Counsel and primary drafters, have pre-scheduled plans that conflict with the advanced and shortened time Intervenor Defendant Appellees have to file their brief, including pre-scheduled vacations during the following windows: June 26

through July 5; June 27 through July 5; July 3 through July 15; July 4 through July 5; and July 12 through July 25. Three of these counsels are parents to school-age children who have limited flexibility in scheduling vacations during short school breaks. Additionally, all of the not-for-profit organizations that employ counsels of record for Intervenor Defendants will be closed on July 4 for the federal holiday, and one is closed on July 4 and July 5.

Intervenor Defendant Appellees seek a thirty-day extension for good cause and in the interest of justice. First, all parties and the Court will benefit from the diligent participation of undersigned counsels; indeed, requiring Intervenor Defendant Appellees to go forward without the full participation of their counsels during the twenty-one-day window of time that they currently have to file their brief will cause them prejudice and extreme hardship. Second, the record compiled by District Judge Tipton in this case is substantial, and the subject of the appeal—whether Appellees have standing to bring this challenge—is complex. Intervenor Defendant Appellees thus cannot reasonably prepare a brief on the newly expedited timeline, especially in light of the intervening holiday and limited availability of their counsels of record during the applicable window of time. Third, there were six amicus briefs filed in support of Defendants at the district court, and Intervenor Defendant Appellees similarly anticipate the participation of amici in this appeal. Extending time pursuant to this motion will facilitate the participation of amici and thus aid the Court in its adjudication of this case. Finally, an extension will not prejudice the other parties where the briefing

schedule is already expedited, and where Appellants would have the full twenty-one days prescribed by the rules to file their reply brief. *See* Fed. R. App. P. 31(a)(1).

**III.   Conclusion**

For the foregoing reasons, a thirty-day extension of time to file Appellees' briefs is warranted for good cause. At minimum, the Court should provide a nine-day extension of the current deadline to file Appellees' briefs, which would comport with the time ordinarily prescribed by the applicable rules. *Id.*

Dated: June 18, 2024                     Respectfully submitted,

*/s/ Monika Y. Langarica*
Monika Y. Langarica
Ahilan Arulanantham
Talia Inlender
Sofía López Franco
UCLA Center for Immigration Law and Policy
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
(310)983-3345

Vanessa Rivas-Bernardy
Esther H. Sung
Karen C. Tumlin
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
(323)316-0944

Brandon Galli-Graves
RAICES
P.O. Box 786100
San Antonio, TX 78278
(210)610-6143

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 931 words, according to the count of Microsoft Word.

*/s/ Monika Y. Langarica*
Monika Y. Langarica

## CERTIFICATE OF SERVICE

I certify that on June 18, 2024, I filed and served the foregoing with the Clerk of the Court by causing a copy to be electronically filed via the appellate CM/ECF system. I also certify that participants in the case who are not registered CM/ECF users will be served via other means.

*/s/ Monika Y. Langarica*
Monika Y. Langarica

## CERTIFICATE OF CONFERENCE

I certify that on June 17, 2024, counsel for Intervenor Defendant Appellees conferred with counsel for Appellants and Federal Defendant Appellees about their positions on this motion. Federal Defendant Appellees indicated they consent to this motion. Appellants indicated they oppose this motion and will determine whether they will file a response in opposition once the motion is on file.

*/s/ Monika Y. Langarica*
Monika Y. Langarica