

Aaron L. Nielson  
Solicitor General

Aaron.Nielson@oag.texas.gov  
(512) 463-2100

August 30, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk
Court of Appeals for The Fifth Circuit

    Re:    No. 24-40160, *State of Texas, et al., v. U.S. Dep't of Homeland Security, et al.*

Dear Mr. Cayce:

    Pursuant to Rule 28(j), counsel provides notice that Defendants yesterday apparently have begun accepting new applications for the CHNV program challenged in this litigation. *See, e.g.*, Julia Ainsley, *Biden Administration to Restart Immigration Program that was Paused Over Fraud Concerns* (Aug. 29, 2024), https://www.nbcnews.com/investigations/biden-admin-restart-chnv-immigration-program-paused-fraud-concern-rcna168838.

    As the States noted in their reply brief, Defendants paused the CHNV program last month because of concerns about rampant fraud. Indeed, "more than 100,000 applicants … were supported by just over 3,200 U.S.-based sponsors whom the [agency] report identified as 'serial sponsors.' Those applications were red-flagged for potential fraud, and critics of the program said the large numbers of migrants sponsored by just a few individuals could point to human trafficking." *Id.* Notably, Defendants apparently are restarting the program even though they have not yet "finished reviewing the potentially fraudulent applications." *Id.*

    Restarting the CHNV program means that the States' irreparable injury will again continue to increase. This is so because—as the district court found—program beneficiaries will receive State benefits, including benefits that the States are obligated by federal law to provide. ROA.11524-11526. The States thus urge the Court to promptly reverse the district court's erroneous conclusion that, notwithstanding that pocketbook injury, the States lack Article III standing to challenge an unlawful program, *see Texas v. Biden*, 20 F.4th 928, 942 (5th Cir. 2021)

Letter to Mr. Cayce, Clerk
Page 2

("The statute allows only case-by-case parole. Deciding to parole aliens *en masse* is the opposite of *case-by-case* decisionmaking"), *rev'd on other grounds*, 597 U.S. 785 (2022), that has already proven to be a magnet for fraud.

                                          Respectfully submitted,

                                          /s/ Aaron L. Nielson
                                          Aaron L. Nielson
                                          *Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)