

September 6, 2024

*Via CM/ECF*

Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    No. 24-40160, *State of Texas, et al., v. U.S. Dep't of Homeland Security, et al.*

Dear Mr. Cayce:

      Intervenor Defendants submit this response to Texas's letter pursuant to Federal Rule of Appellate Procedure 28(j). In its 28(j) Letter, Texas mischaracterizes reporting on the federal government's investigation and decision to restart the CHNV Program, and it ignores additional vetting requirements now in place for sponsors. In any event, Texas does not and cannot explain how these developments aid its failed standing claims.

      First, Texas fails to articulate how the supplemental authority it cites has any bearing on the standing claim that is at issue in this appeal. Texas has not, because it cannot, show how a temporary pause in the CHNV Program impacts the district court's finding that the program *decreased* migration to the state.

      Second, Texas mischaracterizes the temporary pause of the CHNV Program and ignores extensive reporting that the government's investigation "found no widespread fraud among sponsors" and instead concluded that most cases "had a reasonable explanation, such as a typo when a sponsor was submitting information online." Rebecca Santana, *Biden restarts immigration program for 4 countries with more vetting for sponsors*, Associated Press (Aug. 29, 2024), https://apnews.com/article/biden-immigration-sponsors-cuba-haiti-nicaragua-venezuela-34b8b79d57a3ccff49cd89ea224a2748. Texas also fails to mention the *additional* vetting that the federal government recently implemented for all potential sponsors through the CHNV Program. *Id.* The federal government's investigation also found no issues in the robust vetting processes for beneficiaries. *Id.*; *see also* Doc. 179 at 7-9.

Ultimately, these developments leave unchanged the fundamental fact that Texas lacks standing because, as the district court properly found, the CHNV Program has decreased migration to the state. Intervenor Defendants reiterate their request for oral argument to address this and any other questions this Court may have. The CHNV Program affects the lives of thousands of United States residents, including Intervenor Defendants, and this case raises issues of tremendous national importance that warrant argument.

Dated: September 6, 2024               Respectfully submitted,

/s/ *Sofía López Franco*
Sofía López Franco
Ahilan Arulanantham
Talia Inlender
Monika Y. Langarica
Center for Immigration Law and Policy
UCLA School of Law
385 Charles E. Young Dr. E., Box 951476
Los Angeles, CA 90095
(310)983-3345

Esther H. Sung
Karen C. Tumlin
Laura Flores-Perilla
Brandon Galli-Graves
Vanessa Rivas-Bernardy
Justice Action Center
P.O. Box 27280
Los Angeles, CA 90027
(323)316-0944

Javier Hidalgo
RAICES
P.O. Box 786100
San Antonio, TX 78278
(210)610-6143

*Counsel for Intervenor Defendant Appellees*

cc: All counsel of record (via CM/ECF)