No. 24-40160

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Idaho; State of Iowa; State of Kansas; Commonwealth of Kentucky; State of Louisiana; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of Ohio; State of South Carolina; State of Tennessee; State of Utah; State of West Virginia; State of Wyoming; State of Oklahoma,

*Plaintiffs-Appellants*,

v.

United States Department of Homeland Security; Kristi Noem, Secretary, U.S. Department of Homeland Security; U.S. Citizenship and Immigration Services; Kika Scott, Acting Director of U.S. Citizenship and Immigration Services; U.S. Customs & Border Protection; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; United States Immigration and Customs Enforcement; Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement,

*Defendants-Appellees,*

Valerie Laveus; Francis Arauz; Paul Zito; Eric Sype; Kate Sugarman; Nan Langowitz; German Cadenas,

*Appellees.*

On Appeal from the United States District Court
for the Southern District of Texas, Victoria Division

**APPELLANTS' SUGGESTION OF MOOTNESS and MOTION TO VACATE AND DISMISS THE ORDER BELOW AS MOOT**

*(Counsel Listed on Inside Cover)*

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

AARON L. NIELSON
Solicitor General
Aaron.Nielson@oag.texas.gov

CORY A. SCANLON
Assistant Solicitor General

MONROE DAVID BRYANT JR.
Senior Special Counsel

Counsel for Plaintiffs-Appellants

[Additional counsel listed in signature block]

# Certificate of Interested Persons

No. 24-40160

State of Texas; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Idaho; State of Iowa; State of Kansas; Commonwealth of Kentucky; State of Louisiana; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of Ohio; State of South Carolina; State of Tennessee; State of Utah; State of West Virginia; State of Wyoming; State of Oklahoma,

*Plaintiffs-Appellants*

*v.*

United States Department of Homeland Security; Kristi Noem, Secretary, U.S. Department of Homeland Security; U.S. Citizenship and Immigration Services; Kika Scott, Acting Director of U.S. Citizenship and Immigration Services; U.S. Customs & Border Protection; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs and Border Protection; United States Immigration and Customs Enforcement; Tae D. Johnson, Acting Director, U.S. Immigration and Customs Enforcement,

*Defendants-Appellees,*

Valerie Laveus; Francis Arauz; Paul Zito; Eric Sype; Kate Sugarman; Nan Langowitz; German Cadenas,

*Appellees.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants, as governmental parties, need not furnish a certificate of interested persons.

/s/ Aaron L. Nielson
Aaron L. Nielson
*Counsel of Record for*
*Plaintiff-Appellant the State of Texas*

This appeal, in a lawsuit brought by nearly two dozen States to challenge the Department of Homeland Security's expanded parole program for nationals of Cuba, Haiti, Nicaragua, and Venezuela ("the CHNV Program" or "the Program"), has become moot because DHS has rescinded the program as directed by the President's Executive Order. The Court thus should dismiss this appeal and remand to the district court with instructions to dismiss the case as moot. The Court should also vacate the district court's (1) Memorandum Opinion and Order dismissing the suit, (2) final judgment, and (3) Memorandum Opinion and Order denying post-judgment relief.

## Background

The States challenged the Program because: (1) it exceeds DHS's limited parole authority under 8 U.S.C. §1182(d)(5); (2) DHS unlawfully refused to engage in notice-and-comment rulemaking; and (3) it is arbitrary and capricious. ROA.327, 355, 11514-11515. After a bench trial, the district court dismissed the States' suit without prejudice for lack of standing and entered final judgment. ROA.11511-11543. The States moved for reconsideration under Federal Rule of Civil Procedure 59(e), which the district court denied in a separate Memorandum Opinion and Order. ROA.11627-11634.

This appeal followed and briefing has concluded, but the Court stayed proceedings on February 6, 2025, before the case was submitted because President Trump issued an Executive Order directing Secretary Noem to terminate the CHNV Program. *See* Order, ECF 273-2; Exec. Order No. 14165, Securing Our Borders, 90 Fed.

Reg. 8467 (Jan. 20, 2025). The Court's order states that the stay would last "90 days to determine potential mootness as a result of President Trump's recent Executive Order." ECF 273-2 at 2. DHS thereafter rescinded the Program. *See* Termination of Parole Processes for Cubans, Haitians, Nicaraguans, and Venezuelans, 90 Fed. Reg. 13,611 (Mar. 25, 2025).

Because DHS rescinded the Program the States are challenging in its entirety, there is no longer any case or controversy for the Court to decide. The Court should therefore vacate the district court's orders, opinions, and judgment challenged here and remand with instructions to dismiss this case as moot.

## Argument

### I. The Party Prevailing Below Has Mooted the Appeal.

Under the U.S. Constitution, the judicial power extends only to "Cases" and "Controversies." U.S. Const. art. III, §2. For a lawsuit to be justiciable, "[a]n actual case or controversy must exist at every stage in the judicial process." *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008); *see Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."). And a case becomes moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Motient Corp.*, 529 F.3d at 537. That is because:

> Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

2

*Lewis*, 494 U.S. at 477 (alterations in original) (citations omitted) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Federal courts thus "cannot give opinions on 'moot questions or abstract propositions,'" *Motient Corp.*, 529 F.3d at 537 (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam)), and "an appeal must be dismissed when 'an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatsoever to a prevailing party,'" *id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

This appeal became moot when DHS unilaterally rescinded the CHNV Program that the States challenge in this lawsuit; that rescission eliminated the injuries the States alleged. Because of that unilateral action, the States now "lack a legally cognizable interest in the outcome" of the case, and the case is moot. *Id.* (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003)).

## II. The Court Should Vacate the District Court's Orders and Judgment Under *Munsingwear*.

The Supreme Court has reiterated in "countless cases," *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (per curiam), that generally where an appeal becomes moot because of one party's decision before litigation can be resolved, the federal judiciary's ordinary "established practice" is to "vacate the judgment," *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *see also, e.g., Trump v. Hawaii*, 583 U.S. 941 (2017) (mem.); *Burke v. Barnes*, 479 U.S. 361, 365 (1987).

3

As the Supreme Court has explained, "[o]ne clear example where '[v]acatur is in order' is 'when mootness occurs through ... the 'unilateral action of the party who prevailed in the lower court.'" *Azar v. Garza*, 584 U.S. 726, 729 (2018) (per curiam) (second and third alterations in original) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71-72 (1997) (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994))). After all, "[i]t would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment." *Id.*

In *Munsingwear*, the Supreme Court described the established practice in civil cases that become moot on appeal, stating that where, as here, a "civil case from a court in the federal system ... has become moot while on its way [to an appellate court] or pending [a] decision on the merits," appellate courts should "reverse or vacate the judgment below and remand with a direction to dismiss" to avoid collateral effects. 340 U.S. at 39. That practice "prevent[s] a judgment, unreviewable because of mootness, from spawning any legal consequences." *Id.* at 41. The "*Munsingwear* doctrine is an equitable one," which "avoid[s] the unfairness of a party's being denied the power to appeal an unfavorable judgment by factors beyond its control." *Goldin v. Bartholow*, 166 F.3d 710, 719 (5th Cir. 1999). The determination to vacate should be made "in a manner 'most consonant to justice'" and "in view of the nature and character of the conditions which have caused the case to become moot." *Bancorp*, 513 U.S. at 24 (quoting *United States v. Hamburg-Amerikanische Packet-Fahrt-Actien Gesellschaft*, 239 U.S. 466, 477-78 (1916)).

Those principles should result in vacatur here because (A) the federal defendants who prevailed below took unilateral action mooting this dispute and (B) equity and the public interest weigh in favor of vacatur.

### A. This appeal is moot because of the federal defendants' unilateral action.

As explained above, the States have consistently challenged the Program's lawfulness, but the federal defendants mooted this appeal by rescinding the Program before the Court could address the States' arguments. Notably, the federal government agrees that this appeal is moot. *See* Certificate of Conference, *infra* p. 15. Accordingly, the first requirement for *Munsingwear* vacatur is plainly met.

### B. Equitable factors favor vacatur.

In deciding whether to follow the general rule from *Munsingwear* in a particular case, two equitable considerations are "particularly relevant." *Freedom From Religion Found., Inc. v. Abbott* (*FFRF*), 58 F.4th 824, 836 (5th Cir. 2023). "First, a court must consider 'whether the party seeking relief from the judgment below caused the mootness by voluntary action.'" *Id.* (quoting *Bancorp*, 513 U.S. at 24). And second, a court must "take account of the public interest," including "the value" of the relevant "judicial precedent[]." *Id.* In certain cases, this Court has also considered whether "the action mooting the dispute is 'temporary,'" *id.* (quoting *Staley v. Harris County*, 485 F.3d 305, 312 (5th Cir. 2007)), and "whether the party seeking vacatur 'is subject to a money judgment or any injunctive relief as a result of the district court's judgment,'" *id.* (quoting *Hall v. Louisiana*, 884 F.3d 546, 553 (5th Cir. 2018)). Equity and the public interest favor vacatur here because, through no fault

of their own, the States were deprived of their right to judicial review of the district court's erroneous rulings on important questions implicating the States' sovereign interests.

### 1. The States did not cause the mootness.

Here, the States did not "cause[] the mootness by voluntary action"—or otherwise. *Id.*; *see also, e.g.*, *Arizonans for Off. Eng.*, 520 U.S. at 71 ("Vacatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties."). Rather, the Executive Order and DHS's recission of the CHNV Program mooted the States' claims. The "principal condition" for vacatur—"whether the party seeking relief from the judgment below caused the mootness by voluntary action"—thus overwhelmingly favors vacatur. *Bancorp*, 513 U.S. at 24; *see Jimenez v. Lumpkin*, No. 19-51083, 2023 WL 4499874, at *1 (5th Cir. July 10, 2023) (explaining that "equity favors vacating the district court's opinion and judgment" where "[a]ny mootness was not caused by any voluntary action done by Texas"); *accord United States v. Iowa*, No. 24-2265, 2025 WL 1140834 (8th Cir. Apr. 15, 2025) (vacating under *Munsingwear* where federal government withdrew challenge to State law).

Notably, courts regularly order vacatur where, as here, a case was mooted by intervening changes in the regulation or law. *E.g., Bancorp*, 513 U.S. at 25 n.3 ("The suit for injunctive relief in *Munsingwear* became moot on appeal because the regulations sought to be enforced by the United States were annulled by Executive Order."); *see also United States v. Microsoft Corp.*, 584 U.S. 236 (2018) (remanding with instructions to vacate where intervening changes in operative law rendered further

review moot); *Shoemate v. Miss. Dep't of Corr.*, 668 F. App'x 124, 125 (5th Cir. 2016) (per curiam) (explaining that "[v]acatur [wa]s appropriate" where intervening amendment to Mississippi law meant there was no longer any "case or controversy"); *AT&T Commc'ns of Sw., Inc. v. City of Austin*, 235 F.3d 241, 244 (5th Cir. 2000) (ordering vacatur where "[Texas] House Bill 1777," "and not [the defendant's] responses to it," "caused [the] case to become moot"); *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199-1200 (9th Cir. 2019) (en banc) (remanding with instructions to vacate because "[n]o live controversy remain[ed]" following a legislative repeal); *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 649 (D.C. Cir. 2011) (ordering vacatur where intervening law rendered case moot).

### 2. The public interest supports vacatur.

The public interest also strongly supports vacatur. The district court erred in dismissing Texas for lack of standing. *See, e.g.*, Brief for Appellants, ECF 133, at 13-37, 40. The district court's decisions in this case misapply published opinions of both the Supreme Court and this Court. *See id.* (citing, *inter alia*, *United States v. Texas (Enforcement Priorities)*, 599 U.S. 670, 680-83 (2023); *Texas v. Biden (MPP)*, 20 F.4th 928, 997 (5th Cir. 2021), *rev'd on other grounds and remanded*, 597 U.S. 785 (2022)). Yet the States cannot seek review of these errors because of the federal government's unilateral decision to rescind the Program. Obviously, vacatur is not required every time a case becomes moot on appeal, but where a federal agency prevails in the district court and then unilaterally moots the litigation in such a way that would preserve the agency's initial victory absent vacatur, *Munsingwear* vacatur is warranted.

And this case is not ordinary civil litigation—it directly implicates States' ability to challenge unlawful agency action that undermines their sovereignty. The correct scope of the Supreme Court's decision, for example, in *Enforcement Priorities* is of fundamental importance to the States because that case left open many possible avenues for state standing that Texas was entitled to argue it satisfied. 599 U.S. at 682-83. The federal government's unilateral action prevents the States from seeking that important clarity. Though they are not formally binding, the district court's opinions may influence the law's development absent vacatur. Courts thus regularly order vacatur of district court decisions. *See, e.g.*, *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 & n.15 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011) ("When … a party who prevailed below makes the case moot by his unilateral action, a 'vacatur must be granted.'" (quoting *Bancorp*, 513 U.S. at 23)); *Iowa*, 2025 WL 1140834, at 1.

### 3. The remaining equitable considerations also favor vacatur.

There is no indication that the Executive Order is temporary. *See, e.g.*, *FFRF*, 58 F.4th at 836. Nor are the States subject to a mandatory judgment or any injunctive relief as a result of the district court's dismissal. *See id.* Thus, each of the equitable factors weighs in favor of vacatur.

## Conclusion

The Court should dismiss this appeal and vacate the district court's opinions and final judgment under *Munsingwear*. The Court should also remand to the district court with instructions to dismiss this case as moot.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ Aaron L. Nielson
Aaron L. Nielson
Solicitor General
Aaron.Nielson@oag.texas.gov

Cory A. Scanlon
Assistant Solicitor General

Monroe David Bryant Jr.
Senior Special Counsel

*Counsel for the State of Texas*

| | |
|---|---|
| Steve Marshall<br>Alabama Attorney General<br>Edmund G. LaCour Jr.<br>Solicitor General<br>Office of the Attorney General<br>State of Alabama<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, Alabama 36130-0152<br>Tel: (334) 242-7300<br>Edmund.LaCour@AlabamaAG.gov<br><br>*Counsel for the State of Alabama* | Treg Taylor<br>Attorney General of Alaska<br>Cori M. Mills<br>Deputy Attorney General<br>Christopher A. Robison<br>Alaska Bar No. 2111126<br>Texas Bar No. 24035720<br>Assistant Attorney General<br>Alaska Department of Law<br>1031 W. 4th Avenue, Suite 200<br>Anchorage, Alaska 99501-1994<br>Chris.Robison@alaska.gov<br><br>*Counsel for the State of Alaska* |
| Tim Griffin<br>Arkansas Attorney General<br>Autumn Hamit Patterson<br>Solicitor General<br>Office of the Arkansas Attorney General<br>323 Center Street, Suite 200<br>Little Rock, Arkansas 72201<br>Tel: (501) 682-2007<br>Autumn.Patterson@arkansasag.gov<br><br>*Counsel for the State of Arkansas* | James Uthmeier<br>Attorney General of Florida<br>Allen L. Huang<br>Deputy Solicitor General<br>Office of the Attorney General<br>The Capitol, Pl-01<br>Tallahassee, Florida 32399-1050<br>Tel: (850) 414-3300<br>Allen.Huang@myfloridalegal.com<br><br>*Counsel for the State of Florida* |

Raúl R. Labrador
Attorney General of Idaho
Alan M. Hurst, ISB No. 12425
Solicitor General
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
Josh.Turner@ag.idaho.gov
Alan.Hurst@ag.idaho.gov

*Counsel for the State of Idaho*

Kris W. Kobach
Attorney General of Kansas
Anthony J. Powell
Solicitor General
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Anthony.Powell@ag.ks.gov

*Counsel for the State of Kansas*

Brenna Bird
Attorney General of Iowa
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 823-9117
Fax: (515) 281-4209
Eric.Wessan@ag.iowa.gov

*Counsel for the State of Iowa*

Russell Coleman
Attorney General of Kentucky
Matthew F. Kuhn
Solicitor General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Tel: (502) 696-5478
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

Elizabeth B. Murrill
Attorney General of Louisiana
Benjamin Aguiñaga
Solicitor General
Kelsey L. Smith
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
AguinagaB@ag.louisiana.gov
SmithKel@ag.lousiana.gov

*Counsel for the State of Louisiana*

Andrew Bailey
Attorney General of Missouri
Joshua M. Divine, Mo. Bar #69875
Solicitor General
Maria Lanahan, Mo. Bar #65956
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

Lynn Fitch
Attorney General of Mississippi
Justin L. Matheny
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220
Tel: (601) 359-3680
Justin.Matheny@ago.ms.gov

*Counsel for the State of Mississippi*

Austin Knudsen
Attorney General of Montana
Christian B. Corrigan
Solicitor General
Peter M. Torstensen, Jr.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

Michael T. Hilgers
Attorney General of Nebraska
Lincoln J. Korell
Assistant Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
Lincoln.Korell@nebraska.gov

*Counsel for the State of Nebraska*

Gentner F. Drummond
Attorney General of Oklahoma
Garry M. Gaskins, II
Solicitor General
Zach West
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, Oklahoma 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

Dave Yost
Ohio Attorney General
T. Elliot Gaiser
Ohio Solicitor General
Mathura Jaya Sridharan
Ohio Deputy Solicitor General
Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, Ohio 43215
Tel: (614) 466-8980
Thomas.Gaiser@ohioAGO.gov
Mathura.Sridharan@ohioAGO.gov

*Counsel for the State of Ohio*

Alan Wilson
Attorney General of South Carolina
Thomas T. Hydrick
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, South Carolina 29211
Tel: (803) 734-4127
ThomasHydrick@scag.gov

*Counsel for the State of South Carolina*

Jonathan Skrmetti  
Tennessee Attorney General  
and Reporter  
Whitney Hermandorfer  
Director of Strategic Litigation  
P.O. Box 20207  
Nashville, Tennessee 37202  
Tel: (615) 741-7403  
Whitney.Hermandorfer@ag.tn.gov  

*Counsel for the State of Tennessee*

Derek Brown  
Utah Attorney General  
Stanford E. Purser  
Utah Solicitor General  
350 N. State Street, Suite 230  
P.O. Box 142320  
Salt Lake City, Utah 84114-2320  
Tel: (801) 538-9600  
SPurser@agutah.gov  

*Counsel for the State of Utah*

John B. McCuskey  
Attorney General of West Virginia  
Michael R. Williams  
Solicitor General  
Office of the West Virginia  
Attorney General  
State Capitol, Bldg 1, Room E-26  
Charleston, West Virginia 25305  
Tel: (681) 313-4550  
Michael.R.Williams@wvago.gov  

*Counsel for the State of West Virginia*

Bridget Hill  
Wyoming Attorney General  
Ryan Schelhaas  
Chief Deputy Attorney General  
Wyoming Attorney General's Office  
109 State Capitol  
Cheyenne, Wyoming 82002  
Tel: (307) 777-5786  
Ryan.Schelhaas@wyo.gov  

*Counsel for the State of Wyoming*

## Certificate of Conference

On April 30, 2025, counsel for Appellants conferred with counsel for the federal Defendants-Appellees who agreed that the appeal has become moot and stated that his clients take no position on the relief requested in this motion. On May 1, 2025, counsel for Appellants conferred with counsel for the Intervenor Appellees, who stated that she opposes the relief requested herein and will file a response.

/s/ Aaron L. Nielson  
Aaron L. Nielson

## Certificate of Service

On May 2, 2025, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Aaron L. Nielson  
Aaron L. Nielson

## Certificate of Compliance

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 3,616 words, and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Aaron L. Nielson
Aaron L. Nielson