**No. 24-40160**

# In the United States Court of Appeals for the Fifth Circuit

STATE OF TEXAS; STATE OF ALABAMA; STATE OF ALASKA; STATE OF ARKANSAS; STATE OF FLORIDA; STATE OF IDAHO; STATE OF IOWA; STATE OF KANSAS; COMMONWEALTH OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF MISSOURI; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF WEST VIRGINIA; STATE OF WYOMING; STATE OF OKLAHOMA,

*Plaintiffs-Appellants*,

*v.*

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; KIKA SCOTT, ACTING DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. CUSTOMS & BORDER PROTECTION; TROY MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER, U.S. CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TAE D. JOHNSON, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

*Defendants-Appellees,*

VALERIE LAVEUS; FRANCIS ARAUZ; PAUL ZITO; ERIC SYPE; KATE SUGARMAN; NAN LANGOWITZ; GERMAN CADENAS,

*Appellees.*

On Appeal from the United States District Court
for the Southern District of Texas, Victoria Division

## APPELLANTS' REPLY IN SUPPORT OF THEIR MOTION TO VACATE AND DISMISS THE ORDER BELOW AS MOOT

***(Counsel Listed on Inside Cover)***

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Aaron L. Nielson
Solicitor General
Aaron.Nielson@oag.texas.gov

Cory A. Scanlon
Assistant Solicitor General

Monroe David Bryant Jr.
Senior Special Counsel

Counsel for Plaintiffs-Appellants

[Additional counsel listed in signature block]

## Introduction

The Court should vacate the district court's rulings because they are incorrect and DHS's unilateral action has deprived the States of their right to appellate review. Intervenors do not dispute mootness and challenge only the States' request to vacate the district court's rulings. But Intervenors misunderstand the equitable consideration this Court considers in granting vacatur. *First*, the question is not (as Intervenors posit) whether one defendant or several caused the mootness, but instead "whether *the party seeking relief from the judgment below*"—here, the States—"caused the mootness by voluntary action." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994) (emphasis added). Vacatur is warranted here because the States did not moot this dispute. *Second*, Intervenors' public-interest analysis rests on their desire to preserve a trial court win without having to defend that win on appeal—precisely when vacatur is most appropriate. *Third*, no relevant equitable considerations weigh in Intervenors' favor and some strongly counsel against them. Under any balancing, that lopsided reality is more than sufficient to justify vacatur.

## Argument

The "principal condition" requiring vacatur is met here because the *States* did not moot this dispute. *Id.* Intervenors acknowledge (at 4) that the case was set for oral argument before it became moot, but that Texas never had the opportunity to explain to the Court why and how the district court erred. Accordingly, debates concerning whether vacatur should follow "happenstance," in which no party caused the mootness, *see* Resp. 5-6, ECF No. 287, miss the mark here because no one

disputes that DHS, a party to this litigation, unilaterally mooted this appeal after prevailing in the district court, *see* Mot. 2-3, ECF No. 283. As the Motion explains, the States should not be subjected to the "unfairness of a party's being denied the power to appeal an unfavorable judgment by factors beyond its control." *Goldin v. Bartholow*, 166 F.3d 710, 719 (5th Cir. 1999).

Nonetheless, Intervenors stress that they should be seen as "prevailing parties." True, they filed a motion to dismiss less than a month before trial—a motion that was fully briefed a scant three days before trial. The district court, however, rejected standing based on the record *at trial*. ROA.11515-11516, 11807-11808. Intervenors overclaim regarding their significance. Even putting that aside, however, where (as here) *any* prevailing party's unilateral action moots the case, vacatur is required. As the Court has explained, "[w]hen … *a* party who prevailed below makes the case moot by his unilateral action, a 'vacatur must be granted.'" *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 & n.15 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011) (emphasis added) (quoting *Bancorp*, 513 U.S. at 23)).

Intervenors' own citation to Supreme Court authority (at 9) proves this point. They cite *United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft* for the proposition that "[t]he judgment below should not be permitted to stand when, without any fault of [petitioner], there is no power to review it upon the merits." Resp. 9 (second alteration in original) (quoting 239 U.S. 466, 478 (2019)). Here, the States seek appellate review; they were not at fault for mootness; but because the appeal is moot, they can no longer seek review of the erroneous district court rulings. Under Intervenors' own case, then, it doesn't matter that Intervenors had no part in

mooting the case—the rulings "should not be permitted to stand," *id.*, because the States have lost their lawful right to challenge those rulings on appeal.

Other cases that Intervenors cite are inapposite because, in those cases, *losing* parties (as opposed to prevailing parties) sought to moot the appeal. For example, in *Karcher v. May*, 484 U.S. 72 (1987), legislators who lost their seats sought to keep their appeal alive after they lost their election and the appeal, *id.* at 82-83. Accordingly, the relevant rule that vacatur follows when a *prevailing* party unilaterally moots the appeal did not apply. The same is true of *Staley v. Harris County*, 485 F.3d 305 (5th Cir. 2007). There, it was the county who (1) lost in trial court, (2) unilaterally mooted the appeal, and (3) sought vacatur. *Id.* at 311-13; *see also id.* at 313 ("Staley prevailed not only in the district court but also before a panel of this Court. Should we vacate, Staley will be denied her judgment … [because] Harris County, by *its* 'last-minute' voluntary acts, removed (temporarily) the monument from public viewing.") (emphasis added). Once again, the States here do not remotely fit that bill because they had no part in mooting the case.

Intervenors further argue that *Shoemate v. Mississippi Department of Corrections* is irrelevant because there the Mississippi Legislature, a governmental entity that was not party to the litigation, caused the mootness. 668 F.App'x 124, 125 (5th Cir. 2016) (per curiam). DHS, however, indisputably was a party to the litigation that prevailed in district court and that has now prevented the States from challenging that decision on appeal. *Bancorp* thus controls. Regardless, *Shoemate* also supports the States. After all, the President of the United States, who is not a party, ordered the recission of the CHNV Program through an Executive Order. *See* Exec. Order

No. 14165, Securing Our Borders, 90 Fed. Reg. 8467 (Jan. 20, 2025). However the Court looks at this situation, vacatur is required.

Intervenors fare no better with respect to the public interest factors. Allowing the district court's holdings to stand where, as here, nearly two dozen sovereign States dispute them and the federal government refuses to defend them would transform those rulings into the very "property of private litigants" that *Bancorp* warns against. 513 U.S. at 26 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). Whatever value the district court's rulings have as "precedent,"[1] more than twenty States have lost their right to seek correction of those rulings from this Court on appeal. When this happens, the "principal condition" for vacatur is met. *Id.* at 24.

Intervenors also overstate the public-interest value of their participation. In fact, the Court has recently concluded that intervenors need not be parties in immigration-parole litigation *at all*. *See Texas v. DHS*, No. 24-40571, 2024 WL 4404421, at *1 (5th Cir. Oct. 4, 2024) (per curiam). Intervenors' assertion (at 10) that Texas has

[1] Intervenors are wrong to suggest that district court orders are precedent. *See Am. Elec. Power Co. v. Connecticut*, 564 U.S. 410, 428 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court."); *see also United States v. Age*, No. 22-30656, 2025 WL 1201973, at *12 (5th Cir. Apr. 25, 2025) ("[D]ecisions of a federal district court are not controlling law for a different federal district court."). This further undermines Intervenors' contentions (at 12-13) that the public-interest factor weighs against vacatur. Should the issues in this litigation arise again within this Circuit, the parties should be free to litigate without anyone citing decisions whose validity this Court has been prevented from addressing because of the federal government's unilateral action to moot this case.

not grappled with their (supposedly) unique interests in the CHNV Program therefore is misplaced. Intervenors also fail to address the elephant in the room: They no longer have any live issues to contest in *this* litigation. If they object to the CHNV Program's recission, they can sue—just as their lawyers did in the litigation that Intervenors cite at the top of their response. *See Doe v. Noem*, No. 1:25-CV-10495-IT, 2025 WL 1099602, at *1 (D. Mass. Apr. 14, 2025). The States, on the other hand, have forever lost their ability to challenge the district court's orders in *this* appeal due to the unilateral action of DHS. Put differently, Intervenors' protest that vacatur would harm them ignores that they are seeking to retain a victory without going through the trouble of defending that victory on appeal. Such a one-sided rule that defeats appellate rights is anything but equitable.

Lastly, the States do not seek to avoid ongoing obligations under the judgment through their own unilateral actions mooting the appeal. *Compare, e.g.*, *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 836-37 (5th Cir. 2023). Furthermore, equity may allow a decision to remain in place if the action mooting the appeal is "only temporary." *Staley*, 485 F.3d at 312. Here, though, there is no indication that recission of the CHNV Program is "only temporary." *Id.* Instead, ending this program is one of the highest priorities of the federal government. Thus, at least one condition for preserving the judgment is absent. *See id.* On balance, equity therefore weighs heavily in favor of vacatur and nowise support Intervenors' proffered carve-out from the rule that no prevailing party can stymie appellate review by mooting a case. The Court should apply the ordinary rule rather than adopting Intervenors' "strange doctrine." *Azar v. Garza*, 584 U.S. 726, 729 (2018) (per curiam).

## Conclusion

The Court should dismiss this appeal, vacate the district court's opinions and final judgment, and remand with instructions to dismiss this case as moot.

Respectfully submitted.

/s/ Aaron L. Nielson
Aaron L. Nielson
Solicitor General
Aaron.Nielson@oag.texas.gov

Cory A. Scanlon
Assistant Solicitor General

Monroe David Bryant Jr.
Senior Special Counsel

*Counsel for the State of Texas*

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Steve Marshall
Alabama Attorney General
Edmund G. LaCour Jr.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Tel: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for the State of Alabama*

Treg Taylor
Attorney General of Alaska
Cori M. Mills
Deputy Attorney General
Christopher A. Robison
Alaska Bar No. 2111126
Texas Bar No. 24035720
Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
Chris.Robison@alaska.gov

*Counsel for the State of Alaska*

Tim Griffin
Arkansas Attorney General
Autumn Hamit Patterson
Solicitor General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-2007
Autumn.Patterson@arkansasag.gov

*Counsel for the State of Arkansas*

James Uthmeier
Attorney General of Florida
Allen L. Huang
Deputy Solicitor General
Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
Allen.Huang@myfloridalegal.com

*Counsel for the State of Florida*

Raúl R. Labrador
Attorney General of Idaho
Alan M. Hurst, ISB No. 12425
Solicitor General
Office of the Attorney General
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, Idaho 83720-0010
Tel: (208) 334-2400
Alan.Hurst@ag.idaho.gov

*Counsel for the State of Idaho*

Brenna Bird
Attorney General of Iowa
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Tel: (515) 823-9117
Fax: (515) 281-4209
Eric.Wessan@ag.iowa.gov

*Counsel for the State of Iowa*

Kris W. Kobach
Attorney General of Kansas
Anthony J. Powell
Solicitor General
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 368-8197
Anthony.Powell@ag.ks.gov

*Counsel for the State of Kansas*

Russell Coleman
Attorney General of Kentucky
Matthew F. Kuhn
Solicitor General
Kentucky Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Tel: (502) 696-5478
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

Elizabeth B. Murrill
Attorney General of Louisiana
Benjamin Aguiñaga
Solicitor General
Kelsey L. Smith
Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
AguinagaB@ag.louisiana.gov
SmithKel@ag.lousiana.gov

*Counsel for the State of Louisiana*

Lynn Fitch
Attorney General of Mississippi
Justin L. Matheny
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220
Tel: (601) 359-3680
Justin.Matheny@ago.ms.gov

*Counsel for the State of Mississippi*

Andrew Bailey
Attorney General of Missouri
Joshua M. Divine, Mo. Bar #69875
Solicitor General
Maria Lanahan, Mo. Bar #65956
Deputy Solicitor General
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, Missouri 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

Austin Knudsen
Attorney General of Montana
Christian B. Corrigan
Solicitor General
Peter M. Torstensen, Jr.
Assistant Solicitor General
Office of the Attorney General
215 N Sanders
Helena, Montana 59601
Tel: (406) 444-2026
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

Michael T. Hilgers
Attorney General of Nebraska
Lincoln J. Korell
Assistant Solicitor General
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
Lincoln.Korell@nebraska.gov

*Counsel for the State of Nebraska*

Dave Yost
Ohio Attorney General
T. Elliot Gaiser
Ohio Solicitor General
Mathura Jaya Sridharan
Ohio Deputy Solicitor General
Ohio Attorney General
30 E. Broad St., 17th Floor
Columbus, Ohio 43215
Tel: (614) 466-8980
Thomas.Gaiser@ohioAGO.gov
Mathura.Sridharan@ohioAGO.gov

*Counsel for the State of Ohio*

Gentner F. Drummond
Attorney General of Oklahoma
Garry M. Gaskins, II
Solicitor General
Zach West
Director of Special Litigation
313 N.E. 21st St.
Oklahoma City, Oklahoma 73105
Tel: (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov

*Counsel for the State of Oklahoma*

Alan Wilson
Attorney General of South Carolina
Thomas T. Hydrick
Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, South Carolina 29211
Tel: (803) 734-4127
ThomasHydrick@scag.gov

*Counsel for the State of South Carolina*

Jonathan Skrmetti
Tennessee Attorney General
and Reporter
J. Matthew Rice
Solicitor General
Attorney General and Reporter of
Tennessee
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202
Tel: (615) 741-7403
Matt.Rice@ag.tn.gov

*Counsel for the State of Tennessee*

Derek Brown
Utah Attorney General
Stanford E. Purser
Utah Solicitor General
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, Utah 84114-2320
Tel: (801) 538-9600
SPurser@agutah.gov

*Counsel for the State of Utah*

John B. McCuskey
Attorney General of West Virginia
Michael R. Williams
Solicitor General
Office of the West Virginia
Attorney General
State Capitol, Bldg 1, Room E-26
Charleston, West Virginia 25305
Tel: (681) 313-4550
Michael.R.Williams@wvago.gov

*Counsel for the State of West Virginia*

Bridget Hill
Wyoming Attorney General
Ryan Schelhaas
Chief Deputy Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
Tel: (307) 777-5786
Ryan.Schelhaas@wyo.gov

*Counsel for the State of Wyoming*

## Certificate of Service

On May 15, 2025, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Aaron L. Nielson
Aaron L. Nielson

## Certificate of Compliance

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,520 words, and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Aaron L. Nielson
Aaron L. Nielson